UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| E.L.A. and O.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 2:20-cv-1524 <br><br> PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS AND FOR PROTECTIVE ORDER <br><br> Noted for: October 30, 2020 |

## INTRODUCTION

Plaintiffs E.L.A. and O.L.C. respectfully move for an order allowing them to proceed under pseudonyms in this matter and for entry of a protective order protecting their identity. Plaintiffs are a father and son who entered this country in June 2018 seeking asylum, but who were separated at the border pursuant to the U.S. government's policy of forcibly taking refugee children from their parents. Pursuant to this policy, Plaintiff E.L.A. and his son O.L.C were forcibly separated for nine months, during which time O.L.C. was physically and sexually abused, medicated without parental consent, and further mistreated by persons in whose care the government had placed him. As set forth in the Complaint (ECF No. 1), which Plaintiffs incorporate by reference, the trauma Plaintiffs and other refugee families suffered was not an incidental byproduct of the government's policy. It was the very point. The U.S. government

PS.' MOT. TO PROCEED UNDER PSEUDONYMS – 1
Case No. 2:20-cv-1524

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

*sought* to inflict extreme emotional distress and other harms in order to deter parents and children from seeking asylum in this country. Through this action, Plaintiffs seek damages under the Federal Tort Claim Act (FTCA) for the harms inflicted upon them by government officials.

Given the serious and sensitive nature of the abuse experienced by O.L.C., and the risk to both E.L.A. and O.L.C. of harassment, retaliation, and—should they be denied asylum—further persecution in their home country, Plaintiffs respectfully request leave to proceed pseudonymously. Plaintiffs will disclose their identities to government counsel who appear in this case. However, public disclosure of their identity is neither necessary nor warranted. Plaintiffs should not be required to disclose the details of O.L.C.'s abuse, or expose themselves to retaliation, public vitriol, or further harm in order to vindicate their legal rights.

## **ARGUMENT**

The law is well-settled that parties to litigation may proceed using a pseudonym with leave of the court. *See*, *e.g.*, *Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290, 294 n.1 (2000) (noting that the district court had permitted the plaintiffs "to litigate anonymously to protect them from intimidation or harassment").

> Parties may proceed under a pseudonym "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000). Additionally, where a pseudonym is used to protect a party from retaliation, courts must consider the following: (1) the severity of the harm threatened; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to retaliation; (4) the prejudice to the opposing party; and [(5)] whether the public interest "would be best served by requiring that the litigants reveal their identities." *Id*. at 1068–69 (internal citations omitted).

*Karnoski v. Trump*, No. 17-cv-01297-MJP, 2017 WL 11431253, at *1 (W.D. Wash. Oct. 10, 2017). Consistent with *Does I thru XXIII* and other Ninth Circuit precedent, this Court regularly permits parties to proceed pseudonymously in appropriate circumstances. *See, e.g.*, *id*.; *J.J. v.*

PS.' MOT. TO PROCEED UNDER PSEUDONYMS – 2
Case No. 2:20-cv-1524

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

*Olympia Sch. Dist.*, No. 16-cv-5060-BHS, 2016 WL 3597784, *2 (W.D. Wash. July 5, 2016) (permitting plaintiff, who was now an adult, to proceed using his initials where "he alleges he was the victim of sexual assault when he was a minor"); *R.P. v. Seattle Sch. Dist.*, No. 13-cv-2218-MJP, 2014 WL 639408, at *1 (W.D. Wash. Feb. 18, 2014) (same); *A.B.T. v. U.S. Citizenship & Immigration Servs.*, No. 2:11-cv-02108-RAJ, 2012 WL 2995064, at *6 (W.D. Wash. July 20, 2012) (permitting asylum-seeking plaintiffs to proceed using their initials).

This case falls squarely within the type of cases where courts have recognized the primacy of a party's privacy interests.

### 1. The Litigation Concerns Information of a Sensitive and Highly Personal Nature.

The forcible separation of Plaintiffs by Defendant's employees was profoundly traumatic for Plaintiffs. That intentional infliction of emotional distress is the precise basis of Plaintiff's first claim for relief. Compl. ¶¶ 8.3-87. Airing the details of that government-caused trauma for the world to see should not be the price of seeking redress for the wrongs done to Plaintiffs.

Moreover, O.L.C. was a minor at the time of the events described in the Complaint. Compl. ¶ 16. Over the course of nine months, the abuse O.L.C. experienced from staff at Lincoln Hall Boys Haven ranged from bullying and harassment to sexual abuse, resulting in two different "Sexual Abuse Serious Incident Reports" being filed. *Id*. ¶¶ 59-75. Any abused child deserves their privacy, and child sexual abuse victims are particularly vulnerable to further trauma should they be forced to publicly disclose the details of their experience. This Court has regularly protected the identities of child sexual abuse victims, and should do so here as well. *See, e.g.*, *A.T. v. Everett Sch. Dist.*, 300 F. Supp. 3d 1243, 1247 n.1 (W.D. Wash. 2018) (noting that the court had allowed the victim of sexual abuse to proceed under a pseudonym); *Aurora v. Sheely*, No. 16-cv-1358-RSM, 2017 WL 615383, at 1* n.1 (W.D. Wash. Feb. 15, 2017) (same);

PS.' MOT. TO PROCEED UNDER PSEUDONYMS – 3
Case No. 2:20-cv-1524

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

*J.J.*, 2016 WL 3597784, at *2 ("'[T]he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes.'" (quoting *Doe v. Penzato*, C10-5154MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011)); *R.P.*, 2014 WL 639408, at *1 (also quoting *Penzato*).

### 2. Disclosure Poses a Risk of Retribution and Further Harm to Plaintiffs.

As the government recognizes, publicly revealing the true names of asylum-seekers could put them at risk of serious retaliatory harm should they be denied asylum and removed to their native country. As set out in the Complaint, E.L.A. and O.L.C. are part of an indigenous Maya people native to southeastern Guatemala and western Honduras. Compl. ¶ 19. They fled to the United States after E.L.A. received death threats in Plaintiffs' native Guatemala because he is a political activist who advocates for indigenous land rights. *Id*. In July 2018, however, the U.S. government deported E.L.A., while continuing to detail O.L.C., in violation of the Immigration and Nationalization Act, *see, e.g.,* 8 U.S.C. § 1158, and a federal court order in *Ms. L. v. U.S. Immigration and Customs Enforcement*, Case No. 18-cv-428 (S.D. Cal.), requiring the family's reunification. *Id*. ¶ 43. E.L.A.'s Guatemalan persecutors soon learned that he had returned to Guatemala, and tried to kill him. *Id*. ¶ 44. With the help of a nonprofit organization, E.L.A. was able to return to the United States under the federal district court's order in the *Ms. L.* litigation. *Id*. ¶ 45. Plaintiffs' application for asylum is currently pending. *Id*. ¶ 46.

The federal government protects the confidentiality of asylum-seekers by regulation. *See* 8 C.F.R. § 208.6; *cf.* Fed. R. Civ. P. 5.2(c) (limiting remote access to case files in cases involving "immigration benefits or detention"). According to U.S. Citizenship and Immigration Services:

> Public disclosure of asylum-related information may subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated, or endanger the security of the claimant's family members who may still be residing in the country of origin. Moreover, public disclosure might, albeit in some limited circumstances, give rise to a plausible

PS.' MOT. TO PROCEED UNDER PSEUDONYMS – 4
Case No. 2:20-cv-1524

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

protection claim where one would not otherwise exist by bringing an otherwise ineligible claimant to the attention of the government authority or non-state actor against which the claimant has made allegations of mistreatment.

USCIS Asylum Division, *Fact Sheet: Federal Regulations Protecting the Confidentiality of Asylum Applicants* at 2 (Oct. 18, 2012), available at https://www.uscis.gov/sites/default/files/document/fact-sheets/Updated_Fact_Sheet_on_Confidentiality_10_18_12.pdf. Disclosure of Plaintiffs' identities, the facts concerning their persecution, and the details of their detention experience all put Plaintiffs at risk of persecution should they be forced to return to Guatemala, and put their family members who remain there at risk as well.

In addition, Plaintiffs' reasonably fear harassment in the United States. The U.S. government's policy of separating families at the border has been the focus of significant public interest, press attention, and controversy. Plaintiffs fear that seeking redress for the harm done to them under the policy could prejudice their efforts to obtain asylum, or subject them to harassment from those who support the government's policies.

For these reasons as well, the risk of harm to Plaintiffs stemming from the public disclosure of their identities weighs heavily in favor of permitting them to proceed pseudonymously. *See, e.g., A.B.T.*, No. 2:11-cv-02108-RAJ, 2012 WL 2995064, at *6.

**3. There Is No Risk Of Prejudice To Defendant.**

The crux of this lawsuit is Defendant's liability for the harm Plaintiffs suffered as a direct result of the family separation policy. As other courts have found, where the plaintiff's identity is not itself a material fact in the lawsuit, allowing a plaintiff to proceed anonymously causes no prejudice. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir. 2008) (citing *Doe v. Del Rio*, 241 F.R.D. 2d 154, 157 (S.D.N.Y. 2006) ("[B]ecause of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities.")); *Doe v. Barrow Cty.*, 219 F.R.D. 189, 194 (N.D. Ga. 2003) (granting a

PS.' MOT. TO PROCEED UNDER PSEUDONYMS – 5
Case No. 2:20-cv-1524

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

motion to proceed under a pseudonym where the "plaintiff plays a relatively minor role").

Moreover, Plaintiffs previously identified themselves to the relevant U.S. government agencies in their October 10, 2019, Notification of Incident and Claim for Damages Under the Federal Tort Claims Act, *see* Compl. ¶ 11, and when Defendant's counsel appears in this case, Plaintiffs will promptly provide counsel with their true identities. For this additional reason, allowing Plaintiffs to proceed under pseudonyms will not unfairly prejudice Defendant.

### 4. Allowing Plaintiffs to Proceed Under Pseudonyms Is in the Public Interest.

Where the defendant is either a government entity or official, courts routinely count the public interest factor as weighing in favor of leave to proceed under a pseudonym. *See, e.g.*, *E.W. v. N.Y. Blood. Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("[W]here a plaintiff attacks governmental activity . . . the plaintiff's interest in proceeding anonymously is considered particularly strong."). This is because the plaintiff "presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights," while "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Id.* The ramifications of forcing Plaintiffs to reveal their identities publicly in order to pursue their claims arising from government misconduct would be sweeping and would limit access to the courts for any citizen with a legitimate fear of mistreatment treatment or retaliation by the government. The public interest therefore weighs in favor of allowing Plaintiffs to proceed using a pseudonym.

### **CONCLUSION**

To require Plaintiffs to disclose their identities publicly risks further traumatizing Plaintiffs and puts them at risk of harassment and further persecution. Conversely, by pursuing this case under a pseudonym, E.L.A. and O.L.C. will be able to vindicate their rights without

PS.' MOT. TO PROCEED UNDER PSEUDONYMS – 6
Case No. 2:20-cv-1524

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

precluding Defendant from being able to litigate this case or detracting from the public's ability to appreciate the issues at stake. Plaintiffs therefore respectfully request that this Court grant the Motion and enter Plaintiffs' proposed form of protective order.

DATED this 15th day of October, 2020.

Respectfully submitted,

| | |
|---|---|
| *s/ Matt Adams* | *s/ Susan Baker Manning* |
| Matt Adams, WSBA No. 28287 | **MORGAN, LEWIS & BOCKIUS LLP** |
| *s/ Aaron Korthuis* | Susan Baker Manning* |
| Aaron Korthuis, WSBA No. 53974 | 1111 Pennsylvania Avenue NW |
| **NORTHWEST IMMIGRANT RIGHTS PROJECT** | Washington, D.C. 20004 |
| | Tel: +1.202.739.3000 |
| 615 Second Avenue, Suite 400 | Fax: +1.202.739.3001 |
| Seattle, Washington 98104 | susan.manning@morganlewis.com |
| Tel: +1.206.957.8611 | |
| Fax: +1.206.587.4025 | Elizabeth M. Chiaviello* |
| matt@nwirp.org | Nicholaus E. Floyd* |
| aaron@nwirp.org | **MORGAN, LEWIS & BOCKIUS LLP** |
| | 1000 Louisiana Street, Suite 4000 |
| | Houston, Texas 77002 |
| | Tel: +1.713.890.5000 |
| | Fax: +1.713.890.5001 |
| | elizabeth.chiaviello@morganlewis.com |
| | nicholaus.floyd@morganlewis.com |

*\* Pro hac vice application forthcoming*

*Counsel for Plaintiffs E.L.A. and O.L.C.*

PS.' MOT. TO PROCEED UNDER PSEUDONYMS – 7
Case No. 2:20-cv-1524

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

# CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2020, I electronically filed the foregoing document and accompanying proposed order with the Clerk of the Court using the CM/ECF system. I further certify that I have mailed Defendant United States of America a copy of this document and the accompanying proposed order via certified, first class mail.

Dated: October 15, 2020

s/ Matt Adams
Matt Adams
Email: matt@nwirp.org
Northwest Immigrant Rights Project
615 Second Ave., Ste 400
Seattle, WA 98104
(206) 957-8611

PS.' MOT. TO PROCEED UNDER PSEUDONYMS – 8
Case No. 2:20-cv-1524

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611