District Judge Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| E.L.A. and O.L.C.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:20-cv-1524-RAJ<br><br>**MOTION TO RECONSIDER ORDER GRANTING IN PART DEFENDANT'S MOTION TO TRANSFER AND PARTIAL MOTION TO DISMISS**<br><br>Note on Motion Calendar: June 17, 2022 |

MOT. TO RECONSIDER ORDER GRANTING IN PART DEF.'S MOT. TO TRANSFER & PARTIAL MOT. TO DISMISS
Case No. 2:20-cv-1524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

**INTRODUCTION**

Plaintiffs E.L.A. and O.L.C. respectfully request that the Court reconsider its June 3, 2022, Order (Dkt. 36) insofar as it dismisses their abuse of process claim. Defendant's employees abused process under Texas law when they used legal proceedings in E.L.A.'s federal criminal prosecution *after* initiating the case to designate O.L.C. an unaccompanied minor, thus separating E.L.A. and O.L.C. for months. That later use of a legal process was "collateral" to E.L.A.'s criminal proceedings and was *not* required by his federal criminal prosecution. To the contrary, using E.L.A.'s brief appearance in federal court as the basis to designate O.L.C. "unaccompanied" in order to separate him from E.L.A. egregiously violated Plaintiffs' due process rights. *See, e.g.*, *Ms. L. v. U.S. Immigr. & Customs Enf't*, 310 F. Supp. 3d 1133 (S.D. Cal. 2018) (enjoining Defendant's family separation policy); *D.J.C.V. v. United States*, No. 20 Civ. 5747 (PAE), 2022 WL 1912254, at *12–17 (S.D.N.Y. June 3, 2022) (holding in Federal Tort Claims Act case that plaintiffs had adequately alleged that Zero Tolerance policy, which produced family separations, violated procedural and substantive due process).

While this Court disfavors motions to reconsider, Plaintiffs respectfully submit that the Court overlooked paragraphs 37–39 of the complaint, which include key allegations as to the abuse of process claim and how they relate to the governing case law. The complaint alleges that Defendant's employees used the criminal proceedings in E.L.A.'s case to justify his separation from O.L.C. And while the Court was correct that Texas case law says a proper use of legal process cannot be an abuse of process, that is not what E.L.A. and O.L.C. alleged. Rather, Plaintiffs alleged that parts of the legal process that followed were later improperly and unlawfully used to designate O.L.C. unaccompanied. That designation was "collateral" to E.L.A.'s criminal prosecution, which is what Texas courts have explained is necessary to allow an abuse of process claim to proceed. Accordingly, the Court erred as a matter of law in granting

MOT. TO RECONSIDER ORDER GRANTING IN PART DEF.'S MOT. TO TRANSFER & PARTIAL MOT. TO DISMISS – 1
Case No. 2:20-cv-1524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

the Defendant's motion to dismiss on this claim, and Plaintiffs ask the Court to correct this error.[1]

## ARGUMENT

### I. Standard of Review

This Court disfavors motions to reconsider. L. Civ. R. 7(h). Such motions are, however, appropriate where a party shows a "manifest error of law." *Chung v. Washington Interscholastic Activities Ass'n*, 550 F. Supp. 3d 920, 924 (W.D. Wash. 2021); *see also* L. Civ. R. 7(h). Defendant's underlying motion to dismiss is governed by Federal Rule of Procedure 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), Plaintiffs need only show that the "complaint . . . contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bain v. California Teachers Ass'n*, 891 F.3d 1206, 1211 (9th Cir. 2018) (citation omitted). In conducting that Rule 12(b)(6) inquiry, the Court "presumes that the facts alleged by the plaintiff are true . . . . [and] draw[s] all reasonable inferences from the complaint in [the Plaintiffs'] favor." *Brown v. Electronic Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013) (citations omitted).

### II. Defendant's Employees Abused Process by Using E.L.A.'s Court Appearance to Realize the "Collateral" Goal of Designating O.L.C. an Unaccompanied Minor.

As the Court stated in its decision, an abuse of process claim under Texas law contains three elements. A plaintiff must allege:

> (1) that the defendant made an illegal, improper or perverted use of the process, a use neither warranted nor authorized by the process; (2) that the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the process; and (3) that damage resulted to the plaintiff as a result of such illegal act.

*Liverman v. Payne-Hall*, 486 S.W.3d 1, 5 (Tex. App. 2015) (citation omitted); *see also* Dkt. 36 at

---

[1] Plaintiffs do not ask the Court to reconsider its decision denying the negligence claim.

MOT. TO RECONSIDER ORDER GRANTING IN PART DEF.'S MOT. TO TRANSFER & PARTIAL MOT. TO DISMISS – 2
Case No. 2:20-cv-1524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

11. The Court found that Plaintiffs pleaded the second and third elements of this claim, but not the first element: "an illegal, improper, or perverted use of the process." Dkt. 36 at 12 (internal quotation marks omitted). The Court explained that this was "because ELA was properly charged with illegal entry," stating that Plaintiffs' allegations focused only on the "reason for charging ELA, not [the] process" that followed. *Id.*

The Court is correct that Plaintiffs do not contest E.L.A. was properly charged with illegal entry. However, it was error to overlook Plaintiffs' allegations that Defendant then made an illegal, improper, or perverted used of that criminal proceeding. Paragraphs 37–39 of the complaint are the central allegations regarding the abuse of process claim, but are not discussed or referenced in the Court's decision. Those paragraphs explicitly allege that Defendant's employees used a legal process in a way *collateral* to the prosecution and *after* the prosecution was initiated to bring about Plaintiffs' separation, even though E.L.A.'s federal prosecution did not require that separation. Specifically, Plaintiffs explained that Defendant's employees used E.L.A.'s court hearing, which lasted only a few hours, to designate O.L.C. an unaccompanied minor under 6 U.S.C. § 279(b). Dkt. 1 ¶ 38. Defendant did so even though E.L.A. never entered the Bureau of Prisons' custody and received only a sentence of time served. *Id.* ¶ 37. Indeed, he was brought from DHS custody to the hearing and immediately returned to DHS custody after the hearing. *Id.* These allegations do not concern "the reason for charging ELA," as the Court determined. Dkt. 36 at 12. Instead, these allegations explicitly reference Defendant's employees' corrupt use of the legal process (after that process was initiated) for a "collateral" purpose. Dkt. 1 ¶¶ 37–39.

Plaintiffs' allegations sufficiently state the first element of an abuse of process claim under Texas law. Texas courts have explained that *even if the process itself was lawful*, an abuse of process claim is proper where a plaintiff alleges the defendant took "collateral" actions that

MOT. TO RECONSIDER ORDER GRANTING IN PART DEF.'S MOT. TO TRANSFER & PARTIAL MOT. TO DISMISS – 3
Case No. 2:20-cv-1524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

the process itself did not warrant or authorize. *See, e.g.*, *Rodriguez v. Carroll*, 510 F. Supp. 547, 553 (S.D. Tex. 1981) ("Overt acts done to obtain a *collateral and unlawful objective* to that appearing on the face of the instituted action may amount to abuse of process." (emphasis added)); *Andrade v. Chojnacki*, 65 F. Supp. 2d 431, 469 (W.D. Tex. 1999) ("The tort compensates a plaintiff when process is used against him *for a collateral purpose*, such as obtaining property or the payment of money—something which is not the proper subject of the proceeding itself." (emphasis added)); *Blackstock v. Tatum*, 396 S.W.2d 463, 468 (Tex. Civ. App. 1965) ("The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself. . . .").

For example, in *Duffie v Wichita County*, a Texas federal court allowed an abuse of process claim to proceed precisely because the plaintiffs "adequately allege[d] . . . that [the defendant] made improper use of process *after* it was issued." 990 F. Supp. 2d 695, 720 (N.D. Tex. 2013). Like here, *Duffie* involved a criminal prosecution. *Id.* The *Duffie* plaintiffs were nurses who had filed a complaint with the Texas Board of Nursing against defendant Smith, the Wichita County Jail's Health Services Administrator. *Id.* at 702–04. Smith retaliated in part by working with the district attorney, who filed a criminal information against the nurses. *Id.* at 705. The nurses were found not guilty. *Id.* Later, in federal court, the plaintiffs alleged that Smith had informed the Board of the arrest warrants issued in that criminal case to thwart the Board's investigation of Smith. *Id.* at 720. Those allegations—which, like here, involve using a criminal legal process to pursue an improper objective outside of that process—stated an abuse of process claim. *Id.* (distinguishing between an improper motive in securing the process, which would not state a claim, and improper use of the process after it issued, which did state a claim).

Plaintiffs' similar claims fit comfortably within Texas law. As noted, the complaint explicitly alleged that Defendant's employees made use of legal process after E.L.A.'s

MOT. TO RECONSIDER ORDER GRANTING IN
PART DEF.'S MOT. TO TRANSFER & PARTIAL
MOT. TO DISMISS – 4
Case No. 2:20-cv-1524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

prosecution was initiated to obtain some other improper purpose, even if the prosecution itself was proper. The designation of O.L.C. as an unaccompanied minor was "collateral" to E.L.A.'s prosecution, as nothing about the criminal proceedings required designating O.L.C. an unaccompanied minor (indeed, Defendant has never claimed otherwise). And it involves a "use of [the] process *after* it was issued," *Duffie*, 990 F. Supp. 2d at 720, because the claim focuses on the legal proceedings following the criminal complaint. *See* Dkt. 1 ¶ 38 ("E.L.A.'s court hearing for his illegal entry took a matter of hours. However, despite never entering BOP custody and having only a single, brief court appearance, CBP and Immigration and Customs Enforcement (ICE) used E.L.A.'s federal court proceedings and prison sentence [of time served] to designate O.L.C. an 'unaccompanied minor.'"). "[D]rawing all reasonable inferences from the complaint in [Plaintiffs'] favor," *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1073 (9th Cir. 2010) (en banc), these allegations sufficiently demonstrate that Plaintiffs have alleged Defendant's employees used legal process after E.L.A.'s prosecution was initiated to achieve a collateral and improper purpose that was "not the proper subject of the proceeding itself," *Andrade*, 65 F. Supp. 2d at 469; *see also Rodriguez*, 510 F. Supp. at 553; *Blackstock*, 396 S.W.2d at 468; *Luna v. United States*, No 20-cv-1152-RSL, 2021 WL 673534, at *4 (W.D. Wash. Feb. 22, 2021) (dismissing abuse of process claim involving Texas law because, unlike here, Plaintiffs had "not alleged that [the plaintiff] was served with process of any sort or that defendant *subsequently* and improperly used plaintiff's *compelled appearance* to achieve a purpose not contemplated by the process" (emphasis added)).

      In sum the Court overlooked key allegations in Plaintiffs' complaint and the law that Plaintiffs cited to show how these allegations satisfied the first element of an abuse of process complaint. Dkt. 36 at 11–12. That was manifest error, and the Court should therefore grant Plaintiffs' motion for reconsideration and deny Defendant's motion to dismiss with respect to the

MOT. TO RECONSIDER ORDER GRANTING IN PART DEF.'S MOT. TO TRANSFER & PARTIAL MOT. TO DISMISS – 5
Case No. 2:20-cv-1524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

abuse of process claim.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion and amend its order to deny Defendant's partial motion to dismiss as to the abuse of process claim.

DATED this 17th day of June, 2022.

| | |
|---|---|
| s/ Matt Adams<br>Matt Adams<br>matt@nwirp.org<br><br>s/ Aaron Korthuis<br>Aaron Korthuis<br>aaron@nwirp.org<br><br>s/ Margot Adams<br>Margot Adams<br>margot@nwirp.org<br><br>**NORTHWEST IMMIGRANT RIGHTS PROJECT**<br>615 Second Avenue, Suite 400<br>Seattle, Washington 98104<br>Tel: +1.206.957.8611<br>Fax: +1.206.587.4025<br>matt@nwirp.org<br>aaron@nwirp.org | s/ Susan Baker Manning<br>Susan Baker Manning*<br><br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1111 Pennsylvania Avenue NW<br>Washington, D.C. 20004<br>Tel: +1.202.739.3000<br>Fax: +1.202.739.3001<br>susan.manning@morganlewis.com<br><br>Elizabeth M. Chiaviello*<br>Nicholaus E. Floyd*<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1000 Louisiana Street, Suite 4000<br>Houston, Texas 77002<br>Tel: +1.713.890.5000<br>Fax: +1.713.890.5001<br>elizabeth.chiaviello@morganlewis.com<br>nicholaus.floyd@morganlewis.com<br><br>* Admitted *pro hac vice* |

MOT. TO RECONSIDER ORDER GRANTING IN PART DEF.'S MOT. TO TRANSFER & PARTIAL MOT. TO DISMISS – 6
Case No. 2:20-cv-1524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

# CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

DATED this 17th day of June, 2022.

s/ Aaron Korthuis
Aaron Korthuis
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 816-3872
(206) 587-4025 (fax)

MOT. TO RECONSIDER ORDER GRANTING IN PART DEF.'S MOT. TO TRANSFER & PARTIAL MOT. TO DISMISS – 7
Case No. 2:20-cv-1524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611