HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| E.L.A. and O.L.C., <br><br>   Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br>   Defendant. | No. 2:20-cv-1524-RAJ <br><br><br> ORDER |

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs' motion for reconsideration, Dkt. # 37, of the Court's order granting Defendant's motion to dismiss Plaintiffs' abuse of process claim without prejudice. Dkt. # 36. For the reasons below, the motion is **DENIED**. 6

## II. DISCUSSION

Motions for reconsideration are disfavored under the Local Rules for the Western District of Washington. Local Rules W.D. Wash. LCR 7(h)(1). Thus, "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority

ORDER – 1

which could not have been brought to [the Court's] attention earlier with reasonable diligence," such motions will ordinarily be denied. *Id.* Plaintiffs do not present any new facts or legal authority or establish a manifest error in the Court's order. They simply reassert arguments that the Court has already considered.

Plaintiffs allege that the Court failed to consider three paragraphs of the complaint that establish the first element of their abuse of process claim. Dkt. # 37 at 3. Paragraphs 37-39 of the complaint allege that Plaintiff E.L.A.'s ("ELA") federal court proceeding for illegal entry resulted in O.L.A. ("OLA") being designated an "unaccompanied minor" under 8 U.S.C. § 1232(b)(1) and 6 U.S.C. § 279(b). Dkt. # 1 ¶ 37-39. Plaintiffs claim that these three paragraphs were overlooked by the Court, resulting in manifest error. Dkt. # 37 at 1.

The Court did indeed consider the paragraphs cited by Plaintiffs concerning the first prong of an abuse of process claim, as the Court reviewed both the complaint and Plaintiffs' response to the Government's motion to dismiss. *See* Dkt. # 36 at p. 2 (citing to paragraphs 37, 38, and 39 of the complaint); p. 12 (considering Plaintiff's discussion of the factual basis for all three elements of an abuse of process claim, which included citations to the aforementioned paragraphs of the complaint). The Court concluded that although Plaintiffs sufficiently alleged that the Government had an ulterior motive in exercising the process and that damage resulted to the Plaintiffs, Plaintiffs did not allege that the Government made an "illegal, improper or perverted use of the process." Dkt. # 36 at 12. In its order, the Court specifically addressed the allegations raised in paragraphs 37-39 of the complaint, namely, that the Government "improperly used the judicial process that followed [ELA's prosecution for illegal entry] as a rationale to designate OLC an unaccompanied minor when, in fact, he was accompanied by his father." *Id.* (quotations omitted).

The Court held that Plaintiff's allegation went to the *reason* for charging ELA, but not the process itself, *Id.*, and the Court sees no reason to reconsider its prior ruling. In its

ORDER – 2

Order the Court noted that under Texas law, "[w]hen the process is used for the purpose for which it is intended, even though accompanied by an ulterior motive, no abuse of process occurs." *Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377, 378-79 (Tex. App. 1989). Here, Plaintiff concedes that the illegal entry prosecution was lawfully instituted against ELA. Dkt. 17 at 20. Plaintiffs attack the Government's reasoning for engaging in the prosecution, but not the legality of the process itself.

Plaintiffs cite *Duffie v. Wichita County* in support of their request for reconsideration, arguing that the *Duffie* defendants used a criminal legal process to pursue an improper objective outside the process—much like the Government here. *Duffie v. Wichita County*, 990 F. Supp. 2d 695 (N.D. Tex. 2013). The Court is not persuaded. In *Duffie*, defendant Smith reported the arrest of two other nurses to the Texas Board of Nursing, despite knowing that the charges brought against the nurses were "false, meritless, and without probable cause," in order to thwart an investigation into Smith's own conduct and to punish the nurses for taking part in whistleblower activity. *Id.* at 720. The Texas court allowed the plaintiff's abuse of process claim to proceed because Smith wielded a bogus criminal proceeding in her reporting to the Board of Nursing in order to achieve other aims. *Id.* In *Duffie*, the process was not used properly, giving rise to an abuse of process cause of action. The Court does not see similar facts here, where both parties concede that the prosecution against ELA was properly brought.

The Court finds that Plaintiffs have not provided a basis for the Court to reconsider its ruling. Plaintiffs have failed to show manifest error in the prior ruling or proffer any new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. Reconsideration is unwarranted, and the motion is therefore **DENIED**.

//

//

//

ORDER – 3

Case 2:20-cv-01524-RAJ   Document 40   Filed 10/19/22   Page 4 of 4

### III.  CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Plaintiffs' motion for reconsideration of the Court's order dismissing Plaintiffs' abuse of process claim without prejudice. Dkt. # 37. Within ten (10) days from the date of this Order, Plaintiffs may file an amended complaint addressing the deficiencies raised in the Court's June 3, 2022 Order. If Plaintiffs do not file an amended complaint within that time, the Court may dismiss the challenged claims.

DATED this 19th day of October, 2022.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4