Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| E.L.A. and O.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 2:20-cv-1524-RAJ <br><br> **PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** <br><br> Noting Date: December 9, 2022 |

## INTRODUCTION

Pursuant to Local Civil Rule 7(g), Plaintiffs E.L.A. and O.L.C. request that this Court strike two arguments in Defendant's Reply in Support of Motion to Dismiss as untimely. First, Defendant argues that the "clearly established" violation standard, applicable to the qualified immunity analysis for causes of action under 42 U.S.C. § 1983, should be incorporated into the discretionary function exception for Federal Tort Claims Act (FTCA) cases. Not only is this wrong, it is inappropriately argued for the first time on reply. Similarly, Defendant errs in raising for the first time its argument regarding "systemic torts." Defendant failed to present these arguments in their motion and thus Plaintiffs did not have an opportunity to respond.

## ARGUMENT

The Court should strike Defendant's two new arguments in support of their claim that the discretionary function exception (DFE) bars Plaintiffs' claims against Defendant. The first new

PLS.' SURREPLY IN OPP. TO DEF'S
MOT. TO DISMISS – 1
Case No. 2:20-cv-1524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

argument Defendant raises is that Plaintiffs must plead a "clearly established" constitutional violation in order for the DFE to not bar their claims, seeking to incorporate case law analyzing qualified immunity claims under § 1983. Defendant has not previously raised this argument. In its motion, Defendant asserted only that Plaintiffs did not adequately plead a constitutional violation in their complaint, citing to *United States v. Gaubert*, 499 U.S. 315 (1991). Dkt. 19 at 19–20. *Gaubert* does not address, let alone incorporate, the clear violation standard of qualified immunity. Instead, Defendant's motion asserted only that Plaintiffs failed to allege a constitutional violation with the "requisite degree of specificity." *Id.* at 19. Yet in their reply, Defendant now asserts that Plaintiffs needed to plead a "clearly established" violation of the constitution, citing several cases from the qualified immunity context. Dkt. 48 at 2–5. Second, Defendant also asserts that the DFE bars Plaintiffs' claims because they are "systemic torts." Dkt. *Id.* at 6. This argument appears nowhere in Defendant's motion. *See* Dkt. 42.

It is well-established that "[a]rguments cannot be raised properly for the first time on reply." *Amazon.com LLC v. Lay*, 758 F. Supp. 2d 1154, 1171 (W.D. Wash. 2010); *see also Personalize Inc. v. Magnetize Consultants Ltd.*, No. 2:18-CV-01836-BJR, 2020 WL 2512906, at *1 (W.D. Wash. May 15, 2020) ("One appropriate ground for a request to strike is the well-established rule that 'courts will not consider new arguments raised for the first time in a reply brief.'" (citation omitted)); *Vargas Ramirez v. United States*, 15 No. C13-2325JLR, 2014 WL 3694274 at *4–5 (W.D. Wash. July 23, 2014) (striking arguments raised for first time in reply brief); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Accordingly, because Defendant did not timely raise its arguments, Plaintiffs request that this Court strike those arguments.

Defendant's arguments are also wrong on the merits. First, the FTCA does not incorporate the qualified immunity standard Defendant belatedly urges, as "[the government] has no 'discretion' to violate the Federal Constitution; its dictates are absolute and imperative."

PLS.' SURREPLY IN OPP. TO DEF'S
MOT. TO DISMISS – 2
Case No. 2:20-cv-1524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

*Owen v. City of Independence*, 445 U.S. 622, 649 (1980). And even in the context of the FTCA, the Ninth Circuit has repeatedly explained that "[e]ven [where the] actions [of government employees] involve[] elements of discretion, agents do not have discretion to violate the Constitution." *Nieves Martinez v. United States*, 997 F.3d 867, 877 (9th Cir. 2021). For this reason, other courts have rejected Defendant's argument. *See F.R. v. United States*, No. CV-21-00339-PHX-DLR, 2022 WL 2905040, at *5 (D. Ariz. July 22, 2022); *A.F.P. v. United States*, No. 1:21-CV-00780-DAD-EPG, 2022 WL 2704570, at *13 (E.D. Cal. July 12, 2022).

Similarly, other courts have rejected Defendant's assertion that Plaintiffs' claims involve an impermissible "systemic tort" because it was "it was not committed by an individual government employee(s)." Dkt. 48 at 6. As these courts explain, "plaintiffs' complaint here sets forth specific alleged acts and omissions of specific federal employees." *A.F.P.*, 2022 WL 2704570, at *18; *Wilbur P.G. v. United States*, No. 4:21-CV-04457-KAW, 2022 WL 3024319, at *6 (N.D. Cal. May 10, 2022) (rejecting Defendant's "systemic tort" argument).

For these reasons, Plaintiffs ask that the Court strike Defendants' new arguments. In the alternative, the Court should reject the arguments on the merits.

Dated this 12th day of December, 2022

s/ Matt Adams
Matt Adams
matt@nwirp.org

s/ Aaron Korthuis
Aaron Korthuis
aaron@nwirp.org

s/ Glenda Aldana Madrid
Glenda Aldana Madrid
glenda@nwirp.org

s/ Audrey Gilliam
Audrey Gilliam
audrey@nwirp.org

**NORTHWEST IMMIGRANT RIGHTS PROJECT**
615 Second Avenue, Suite 400
Seattle, Washington 98104
Tel: (206) 957-8611
Fax: (206) 587-4025

PLS.' SURREPLY IN OPP. TO DEF'S
MOT. TO DISMISS – 3
Case No. 2:20-cv-1524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

DATED this 12th day of December, 2022.

s/ Aaron Korthuis
Aaron Korthuis
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 816-3872
(206) 587-4025 (fax)

PLS.' SURREPLY IN OPP. TO DEF'S
MOT. TO DISMISS – 4
Case No. 2:20-cv-1524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611