THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| E.L.A. and O.L.C.,<br><br>                   Plaintiffs,<br><br>          v.<br><br>UNITED STATES OF AMERICA<br><br>                   Defendant. | No. C20-1524-RAJ<br><br>**ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

## I. INTRODUCTION

THIS MATTER comes before the Court on Defendant's Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion"). Dkt. # 42. Plaintiff opposes the Motion, Dkt. # 46, Defendant filed a reply, Dkt # 48, and Plaintiff submitted a surreply. Dkt. # 50. Additionally, both parties submitted, and the court reviewed, notices of supplemental authority. Dkt. ## 52, 53, 54. The Court finds that oral argument is unnecessary. Having reviewed the Motion, record, and relevant law, the Court **DENIES**

ORDER – 1

Defendant's Motion.

## II.  BACKGROUND

Plaintiff E.L.A. ("ELA") and his son, Plaintiff O.L.C. ("OLC") are indigenous Maya people native to Guatemala.[1] Dkt. # 1 ¶ 19 (Complaint). ELA is a political activist who advocated for indigenous land rights and received death threats due to his work. *Id*. Plaintiffs allege that they "fled persecution and torture in Guatemala to seek asylum in the United States." *Id*. On June 18, 2018, Plaintiffs entered the United States near McAllen, Texas. *Id*. ¶ 20. OLC was seventeen years old at the time. *Id*. ¶ 16. Plaintiffs were questioned and arrested by U.S. Customs and Border Protection ("CBP") shortly after they crossed the border. *Id*. ¶ 20. Immigration officers took Plaintiffs to a CBP facility where they were forcibly separated. *Id*. ¶ 21-22.

ELA was prosecuted for his illegal entry into the United States under 8 U.S.C. § 1325 pursuant to the United States' "Zero Tolerance" policy, announced by former Attorney General Jeff Sessions. *Id*. ¶¶ 32, 37-38. ELA had a court hearing on his illegal entry that lasted several hours. *Id*. ¶ 38. As a result of ELA's prosecution, OLC was designated an "unaccompanied minor." *Id*.

As an unaccompanied minor, OLC was placed in the custody of the Office of Refugee Resettlement ("ORR"). *Id*. ¶¶ 39, 42. On June 20, 2018, OLC was flown to New York and placed in Lincoln Hall Boys Haven, which is associated with the Catholic Charities of the Archdiocese of New York and contracts with ORR to provide services to unaccompanied minors. *Id*. ¶¶ 50-51. Because OLC was an unaccompanied minor, ORR was responsible for OLC's care and safety after his placement at Lincoln Hall. *Id*. ¶ 52. A month after OLC was taken to New York, ELA was told that he was going to be reunited with OLC. *Id*. The next morning, immigration officers took ELA and other fathers who had been separated from their children to the airport for deportation to Guatemala. *Id*. ¶

---

[1] The Court assumes the truth of the complaint's factual allegations for purposes of the motion to dismiss. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

ORDER – 2

43.

While OLC was at Lincoln Hall, he suffered several incidents of sexual abuse. *Id.* ¶¶ 59-64. Several Serious Incident Reports ("SIRs") documenting the abuse that OLC experienced at the facility were submitted to ORR. *Id.* ¶ 58. Plaintiffs allege that OLC suffered physical and emotional harm and was medicated without parental consent. *Id.* ¶¶ 65-73.

On March 2, 2019, ELA presented himself at a California port of entry and was admitted pursuant to the federal court order in *Ms. L. v. U.S. Immigration and Customs Enforcement*, Case No. 18-cv-428 (S.D. Cal.), requiring family reunification. *Id.* ¶ 45. ELA and OLC were reunited in Seattle, Washington after nine months of separation. *Id.* ¶ 46. In May 2019, ELA was able to apply for asylum with the assistance of pro bono counsel. *Id.* ¶ 47. OLC was included in the application as a derivative applicant. *Id.*

Plaintiffs brought this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671 et seq., seeking compensation for the harms they have suffered as a result of their forced separation. Dkt. # 1 at 8-9. Plaintiffs assert four claims under FTCA: (1) intentional infliction of emotional distress; (2) abuse of process; (3) negligence related to family separation; and (4) negligence during OLC's time in custody. *Id.* at 18-19. Plaintiffs seek compensatory damage in the amount of $3,000,000 for harm to ELA and $3,000,000 for harm to OLC. *Id.* at 20. They allege that they both suffer from depression and anxiety based on the emotional trauma caused by their forced nine-month separation. *Id.* ¶¶ 77-78.

The Government moved to transfer venue and partially dismiss Plaintiffs' claims on January 1, 2021. Dkt. # 15. Plaintiffs opposed the motion. Dkt. # 17. The parties subsequently requested several abeyances, granted by the Court, to allow the United States and the group of counsel coordinating negotiations on behalf of similarly situated plaintiffs to settle district courts cases nationwide arising from family separations at the U.S./Mexico border that occurred during the prior administration. Dkt. # 25-32. Almost a

ORDER – 3

year later, the parties moved to lift the stay after it became known that nationwide resolution was not possible. Dkt. # 33. The Court lifted the stay, Dkt. # 34, and the Government filed a motion to dismiss. Dkt. # 15. On June 3, 2022, the Court granted in part and denied in part the Government's motion. Dkt. # 36. Plaintiffs did not amend the two causes of action—abuse of process and negligence related to family separation—that were dismissed.

On November 14, 2022, the Government filed a partial motion to dismiss for lack of subject matter jurisdiction addressing Plaintiffs' first cause of action for intentional infliction of emotional distress ("IIED"). Dkt. # 42. The Court turns to that motion now.

### III.  DISCUSSION

#### A.  Legal Standard

A party may move to dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id*. When assessing jurisdiction, the Court must accept as true the allegations and facts set forth in the complaint. *Peña Arita v. United States*, 470 F.Supp.3d 663, 679 (S.D. Tex. June 30, 2020). A motion to dismiss for lack of subject matter jurisdiction should be granted only "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id*. If it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the suit. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A challenge brought under Rule 12(b)(1) may be facial, where the inquiry concerns the allegations made in the complaint; or factual, where the court may look beyond the complaint to extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th

ORDER – 4

Cir. 2004); *see also McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

Here, the Government moves to dismiss Plaintiffs' first claim for IIED based on family separation arguing that Plaintiffs' IIED claim should be dismissed for three reasons. First, the discretionary function exception of the FTCA bars Plaintiffs' IIED claim. Dkt. # 42 at 11-20. Second, the due care exception of the FTCA also bars Plaintiffs' claim. *Id.* at 20-21. Third, there is no private person analogue. *Id.* at 21-22. The Court will address each argument in turn.

### B.  Discretionary Function Exception Does Not Apply

The Government asserts that the DFE bars Plaintiffs' IIED claim because the decision to detain ELA and separate him from OLC involved an element of judgment or choice and is susceptible to policy analysis.[2] *Id.* at 14. In response, Plaintiffs argue the DFE does not apply because "federal officers do not have discretion to violate federal law, including the U.S. Constitution" and Plaintiffs' injuries "did not result from any discretionary decision or judgment made by immigration officers in the field." Dkt. # 46 at 3 ¶ 2.

The FTCA is a "limited waiver of sovereign immunity" that authorizes individuals to sue the United States for damages caused by "negligent or wrongful acts or omissions" of any Government employee acting within the scope of their employment. *Gonzales v. United States*, 814 F.3d 1022, 1026 (9th Cir. 2016). The FTCA's waiver of sovereign immunity, however, is subject to exceptions. *See* 28 U.S.C. § 2680.

The discretionary function exception ("DFE") is one such exception. *Peña Arita*,

---

[2] The United States briefly argues that Plaintiffs' claim that ELA suffered harm related to conditions of his confinement is also barred by the DFE. DKt. # 42 at 18-19. Plaintiffs, however, do not advance this claim in their complaint. Therefore, the Court will not address this argument.

ORDER – 5

470 F.Supp.3d at 683. There is a two-part test to determine if the discretionary function exception applies. *A.F.P. v. United States*, No. 1:21-cv-00780-DAD-EPG, 2022 WL 2704570, at *11 (E.D. Cal. July 12, 2022). First, the court must determine whether the challenged conduct is "discretionary in nature," that is, whether the actions "involve an element of judgment or choice." *Id.* Second, if the court determines the challenged conduct is discretionary, it then looks to whether the discretion is the "kind that the [DFE] was designed to shield," that is, discretion rooted in public policy considerations. *Id.* If the DFE applies, the United States retains its sovereign immunity, the court lacks subject matter jurisdiction, and the claim must be dismissed. *Id.*; *see also Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). The Government bears the burden of proving the DFE applies. *A.F.P.*, No. 1:21-cv-00780-DAD-EPG, 2022 WL 2704570, at *11.

Here, the Government's argument fails at the first prong. The DFE does not shield the government from liability for unconstitutional conduct. *Id.* at *12; *see also C.M. v. United States*, No. CV-19-05217-PHX-SRB, 2020 WL 1698191, at *4 (D. AZ. Mar. 30, 2020) (applying Arizona law to find that plaintiffs had "plausibly alleged that the government's separation of their families violated their constitutional rights, which is not shielded by the discretionary function exception."). Indeed, the Ninth Circuit has held that the DFE does not apply to FTCA claims challenging the Trump administration's family-separation policy when the plaintiffs allege a specific constitutional violation. *A.F.P.*, No. 1:21-cv-00780-DAD-EPG, 2022 WL 2704570, at *12-13 (applying Texas law, the court found that the DFE does not apply to plaintiff's claim for IIED from family separation at the border because the DFE does not insulate the Government from liability for violations of family integrity).

The Government asserts that Plaintiffs fail to allege a specific constitutional violation that would preclude the application of the DFE. Dkt. # 42 at 19-20. However, Plaintiffs specifically allege in the complaint that the CBP offended "Plaintiffs' rights to family integrity, their dignity, and their sense of belonging" when they separated ELA

ORDER – 6

1   from OLC. Dkt # 1 ¶ 80. The right to family integrity is a constitutional right. *See Morris*
2   *v. Dearborne*, 181 F.3d 657, 666-7 (5th Cir. 1999) (holding that the "Constitution
3   protects the right to family integrity" that is guaranteed "by the due process clause of the
4   Fourteenth Amendment."); *see also Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208
5   (1972) (stating "the integrity of the family unit has found protection in the Due Process
6   Clause of the Fourteenth Amendment."). Because Plaintiffs have plausibly alleged a
7   violation of their constitutional right to family integrity, the first prong of the DFE is not
8   met and the exception does not apply.

   **C.  The Due Care Exception Does Not Apply**

   The Government contends that the due care exception bars Plaintiffs' IIED claim because the Government was "required to 'transfer the custody' of children to the care of ORR 'not later than 72 hours after' determining that there is no parent available to provide care and physical custody." Dkt. # 42 at 21 (citing 8 U.S.C. § 1232(b)(3)). In response, Plaintiffs argue the due care exception does not apply because the Government's employees separated Plaintiffs pursuant to an executive policy that did not require the separation of families, and those employees did not implement the separation with due care. Dkt. # 46 at 17-8.

   The FTCA prevents the United States from being liable for "any claim based upon an act or omission" of a Government employee "exercising due care" in the execution of a statute or regulation. 28 U.S.C. § 2680(a). The Ninth Circuit follows the two-part test in *Welch v. U.S.*, 409 F.3d 646 (4th Cir. 2005) to determine if a due care exception applies. Under *Welch*, the due care exception applies if (1) the statute or regulation at issue specifically pr[e]scribes a course of action for an officer to follow, and (2) if the specific action is mandated, the officer exercised due care in following the statute or regulation. 409 F.3d 646, 652. If due care is exercised, the United States has not waived its sovereign immunity. *Id.*

   Here, the Government's argument fails at the first prong. To comport with the first

ORDER – 7

prong set out in *Welch*, the conduct must be mandated or required, not merely authorized. *See id.; see also A.F.P.*, No. 1:21-cv-00780-DAD-EPG, 2022 WL 2704570, at *15 (stating that under *Welch* the conduct as issue must be required by statute or regulation). The Government relied on the TVPRA to justify the alleged requirement to separate of ELA and OLC, arguing that the TVRPA required the Government to transfer OLC to the Office of Refugee Settlement after the United States, in its discretion, determined that OLC was "unaccompanied." This argument is misleading. The separation of ELA and OLC actually occurred pursuant to executive policy, not a statutory or regulatory mandate such as the TVPRA. *See* Exec. Order No. 13841, 83 FR 29435 (2018). Indeed, the Government does not cite to any statute or regulation that requires the separation of families at the border.[3] Moreover, courts have held that family separation "established by executive policy" is "not covered by the due care exception." *A.F.P.*, No. 1:21-cv-00780-DAD-EPG, 2022 WL 2704570, at *15 (quoting *A.P.F. v. United States*, 492 F. Supp. 989, 996 (D. AZ. July 27, 2020)). Because the Government cannot point to a specific statute or regulation that mandates the separation of ELA and OLC, the first *Welch* prong is not satisfied, and the due care exception does not apply.

### D. A Private Person Analogue Exists

The Government argues that Plaintiffs fail to establish a private person analogue as required under the FTCA because only the federal government has the authority to "enforce federal criminal and immigration laws and make detention determinations." Dkt. # 42 at 22. Plaintiffs assert that in Texas there is a private person analogue for IIED claims stemming from family separation. Dkt. # 46 at 20. To establish subject matter jurisdiction under the FTCA, plaintiffs must show that a "private individual under like circumstances would be liable under state law." *A.F.P*, No. 1:21-cv-00780-DAD-EPG,

---

[3] The TVPRA requires the transfer of custody of unaccompanied minors. *See* 8 U.S.C. § 1232(b)(3). It does not require the transfer of children who are apprehended with a parent who is then detained for illegal-entry prosecution. *See Jacinto-Castanon de Nolasco v. U.S. Immigration and Customs Enforcement*, 319 F. Supp. 3d 491, 500-01 (D.D.C. 2018).

ORDER – 8

2022 WL 2704570, at *9. To do this, Plaintiffs' allegations must demonstrate a "persuasive analogy with private conduct." *C.M.*, No. CV-19-05217-PHX-SRB, 2020 WL 1698191, at *2. This analogy need only be a "reasonable analogy." *Id.*

The Government's argument is unavailing. By arguing that no private person can detain someone at the border, the Government attempts to move the goal posts on the issue. Contrary to the Government's characterization of Plaintiffs' allegations, the fact that ELA was detained at the border is not the basis for Plaintiffs IIED claim. Rather, Plaintiffs' claim rests on multiple factual allegations that the Government's separation of Plaintiffs caused them to suffer emotion trauma. *See* Dkt. # 1 ¶ 21, 22, 78, 80, 81. This distinction is significant.

Under Texas law, a private person may be subject to liability for IIED. *A.F.P*, No. 1:21-cv-00780-DAD-EPG, 2022 WL 2704570, at *10; *see also Stelly v. Duriso*, 982 F.3d 403, 408 (5th Cir. 2020) (explaining IIED is a gap-filler tort). Indeed, multiple courts applying Texas law have held that a private person analogue exists for IIED claims brought under the FTCA where government employees separated family members. *A.F.P*, No. 1:21-cv-00780-DAD-EPG, 2022 WL 2704570, at *10 (applying Texas law to hold that there is a private person analogue under the FTCA for IIED claims stemming from family separation at the border); *see also M.D.C.G. v. United States*, No. 7:15-cv-00552, 2016 WL 6638845, at *11-12 (S.D. Tex. Sept. 13, 2016) (allowing an IIED claim to proceed based on alleged trauma where the government separated a mother and daughter for three days and separated an accompanying minor for a month). Because the Court must presume the facts alleged in the complaint are true for the purposes of motion to dismiss, Plaintiffs have pleaded sufficient facts for a claim of IIED against a private person for family separation. As such, there is a private person analogue under the FTCA.

ORDER – 9

## IV. CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Dkt. # 42.

DATED this 15th day of May, 2023.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 10