Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| E.L.A. and O.L.C.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:20-cv-01524-RAJ<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

COMES NOW the parties, by and through their respective counsel of record, and submit this Joint Status Report and Discovery Plan pursuant to the Court's Order Regarding FRCP 26(f) Conference, Initial Disclosures, and Joint Status Report, Dkt. 56.

**1.      Nature and Complexity of the Case**

Plaintiffs E.L.A and O.L.C. assert that Defendant implemented an unprecedented policy, dictated from the highest levels of government, designed to separate families and inflict severe harm on children and parents in order to deter immigrants from unlawfully entering the United States. Plaintiffs assert that Defendant did so intentionally and with the goal of provoking extreme emotional distress. Plaintiffs further assert that Defendant's employees' actions resulted in a traumatic nine-month separation and caused other harm. Plaintiffs also allege that Defendant's employees—who were legally responsible for Plaintiff O.L.C.'s care—were negligent in providing

JOINT STATUS REPORT - 1
Case No. 2:20-cv-01524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

that care and overseeing the shelter where O.L.C. was placed, resulting in his sexual harassment and other harms.

Defendant denies all allegations and contends that jurisdiction is lacking over Plaintiffs' claims.

The parties agree that aspects of this case are non-complex while other issues are relatively complex. For example, given the nature of Plaintiffs' allegations, Plaintiffs intend to seek depositions of and records related to several former, high-level government officials who played critical roles in developing the family separation policy that directly injured each of the Plaintiffs. Defendants contend that to the extent Plaintiffs intend to seek discovery from current or former cabinet-level government officials, heads of federal agencies, advisors to the President, or the President or former President, such discovery should not proceed unless and until Plaintiffs demonstrate the requisite heightened need for such discovery, and further establish that such discovery cannot be obtained through some other source that is more convenient and less burdensome.

**2.     Joinder of Additional Parties**

The parties propose October 7, 2023, as the deadline to join parties. The parties do not anticipate joining additional parties.

**3.     Whether Parties Consent to Assignment of This Case to a Magistrate Judge**

No.

**4.     Discovery Plan**

    **(A) Initial Disclosures**

The parties exchanged initial disclosures on February 9, 2021.

JOINT STATUS REPORT - 2
Case No. 2:20-cv-01524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

**(B) Subject, Timing, and Potential Phasing of Discovery**

Plaintiffs anticipate seeking discovery that will include, but is not limited to, the planning, implementation, and operation of the family separation policy by high-level government officials. Plaintiffs will also seek discovery regarding actions taken by lower-level government officials specifically involved in their separation. Plaintiffs will further seek discovery regarding their arrest, detention, and Plaintiff E.L.A.'s removal, as well as Defendant's efforts to return E.L.A. to the United States. In addition, Plaintiffs will seek discovery regarding Defendant's decision to place O.L.C. in Lincoln Hall, a shelter for boys in New York, for nine months after separating him from E.L.A. Plaintiffs will also seek discovery regarding what information Defendant's employees knew about Lincoln Hall's care for youth, past reports of misconduct from the facility, and Defendant's response to multiple reports of sexual misconduct regarding facility staff and O.L.C. Plaintiffs also anticipate seeking third-party discovery targeting Lincoln Hall. Plaintiffs will also seek discovery regarding policies, procedures, and practices regarding all of the issues identified above.

Defendant will seek discovery regarding Plaintiffs' alleged damages including third-party discovery related to Plaintiffs' claim arising from the time O.L.C. spent in the care and control of non-party government contractor Lincoln Hall.

The parties will commence discovery in June 2023, so that fact discovery may be completed by June 2024. Any medical examination of Plaintiffs will be completed before the fact discovery deadline.

The parties anticipate filing a stipulated motion for protective order, *see infra* Para. 4(F). The parties have agreed to an initial 30-day period for rolling document disclosures ("30-Day Disclosure Period"), commencing on the date of the Court's entry of the parties' proposed protective order. During the 30-Day Disclosure Period, Defendant will produce: (1) Common Discovery, defined to include all documents that Defendant disclosed or otherwise produced in

JOINT STATUS REPORT - 3
Case No. 2:20-cv-01524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

*A.P.F. et al. v. United States*, No. 20-cv-00065-PHX-SRB (D. Ariz.), and *C.M. v. United States*, No. 19-cv-05217-PHX SRB (D. Ariz.), that are not specific to the plaintiffs in those two actions, and (2) documents that specifically relate to Plaintiffs in this case as identified in Defendant's Initial Disclosures. Plaintiffs will produce documents specifically relating to their allegations in this case. These disclosures will be made without written discovery requests, and the parties agree to defer all written discovery requests and other discovery under the Federal Rules until the 30-Day Disclosure Period concludes.

The agreement to make these disclosures is without prejudice to any party's right to seek additional discovery, though each party reserves the right to object to such additional discovery as appropriate.

The parties agree that expert discovery will commence after the close of fact discovery and propose the deadlines as noted below, *infra* Para. 6.

### (C) Electronically Stored Information

The parties anticipate voluminous and complex discovery that is stored electronically. The parties will meet and confer regarding an appropriate protocol regarding discovery of electronically stored information but anticipate using an ESI protocol similar to one which was previously adopted in *A.F.P. and J.F.C. v. United States*, No. 1:12-cv-00780-DAD-EPG (E.D. Cal.), and *C.M. v. United States*, No. 19-cv-05217-PHX SRB (D. Ariz.).

### (D) Privilege Issues

The parties anticipate that certain privilege issues may arise during discovery, including attorney-client privilege, deliberative process privilege, and law enforcement privilege. The parties will confer regarding the nature and scope of privilege logs as part of an ESI agreement.

The parties agree that disclosures are contingent on execution of privacy waivers that have been provided to plaintiffs and entry of a protective order, claw-back agreement/Rule 502(d) order,

JOINT STATUS REPORT - 4
Case No. 2:20-cv-01524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

and ESI protocols similar to those used in *A.F.P.* and *C.M.*, modified to conform to the particulars of this case.

### (E) Proposed Limitations on Discovery

The parties agree that the scope of discovery should be consistent with the Federal Rules of Civil Procedure and Local Civil Rules, and proportional to the issues except where otherwise provided or stipulated.

However, Plaintiffs anticipate requiring more than 10 depositions to fully prosecute discovery in this case. Plaintiffs' complaint encompasses decision-making by high-level government officials, Plaintiffs' own separation by lower-level officials, and O.L.C.'s time at Lincoln Hall. Each of these different aspects of the case are likely to require several different depositions, and Plaintiffs anticipate requesting the Court to order additional depositions beyond the ten depositions permitted by Federal Rule of Civil Procedure 30 if the parties are otherwise unable to reach an agreement on the number of additional depositions.

### (F) The Need for Any Discovery-Related Orders

The parties anticipate filing a stipulated motion for a protective order that modifies the Western District's model order, pursuant to Local Civil Rule 26(a)(2).

**5.  Parties' Views, Proposals, and Agreements on Items Set Forth in Local Civil Rule 26(f)(1)**

### (A) Alternative Dispute Resolution

In 2021, the government engaged in negotiations to globally settle district court cases and pending administrative tort claims arising from family separations at the U.S.-Mexico border. Neither the Plaintiffs in this case nor their counsel were part of those negotiations. No global settlement was reached.

JOINT STATUS REPORT - 5
Case No. 2:20-cv-01524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

In their Rule 26(f) conference, the parties discussed the possibility of an ADR event. Plaintiffs are amenable to engaging in ADR. Defendant believes ADR is premature until additional discovery is obtained.

### (B) The Existence of Related Cases

Plaintiffs are aware of one other related case before this Court: *S.M.F. and A.R.M. v. United States*, No. 2:22-cv-01193-RAJ (W.D. Wash. Aug. 26, 2022). At least 39 other district court cases currently exist across the country that raise similar Federal Tort Claims Act claims as to those present in this case. Defendant is prepared to provide the case numbers to the Court upon request.

Each case presents individual facts regarding the particular family separations and alleged damages, and for that reason, the parties do not anticipate that proceedings in this case will interfere with those in other cases. If such issues do arise, the parties will meet and confer regarding how to handle such issues and will raise any issues to the Court as necessary.

### (C) Phasing of Motions

The parties agree that no phasing of motions is necessary. The parties anticipate filing motions for summary judgment following the close of discovery.

### (D) Preservation of Discoverable Information

The parties acknowledge their duty to take reasonable steps to preserve discoverable information in the party's possession, custody or control, and have taken steps to comply.

### (E) Model Protocol for Discovery of ESI and Alternative to Model Protocol

As noted above, the parties anticipate adopting the ESI protocol similar to one previously adopted in *A.F.P. and J.F.C. v. United States*, No. 1:12-cv-00780-DAD-EPG (E.D. Cal.), and *C.M. v. United States*, No. 19-cv-05217-PHX SRB (D. Ariz.).

JOINT STATUS REPORT - 6
Case No. 2:20-cv-01524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

**6.   Date Discovery Can Be Completed**

The parties agree discovery should be completed 120 days before trial. In light of the complexity of the case as described above, the parties request at least 14 months to conduct discovery. Accordingly, the parties propose the following deadlines:

| | |
|---|---|
| Fact discovery cut-off | June 7, 2024 |
| Expert disclosures | July 18, 2024 |
| Rebuttal expert disclosures | August 16, 2024 |
| Deadline for depositions of rebuttal experts | September 20, 2024 |
| Dispositive and Daubert motions<br>Response briefs<br>Reply briefs | October 18, 2024<br>November 16, 2024<br>December 13, 2024 |

**7.   Bifurcation of Trial**

At this time, the parties do not see a need for bifurcating any issues at trial.

**8.   The Date the Case Will Be Ready for Trial**

The parties anticipate that the case will be ready for trial by April 2025.

**9.   Jury or Non-Jury Trial**

Non-jury trial.

**10.   Number of Trial Days Required**

The parties estimate that three weeks, or 15 days, will be required for trial.

**11.   Trial Date Conflicts**

Plaintiffs' Counsel: None.

Defendant's Counsel: None.

**12.   Corporate Disclosure Statements**

Not applicable.

JOINT STATUS REPORT - 7
Case No. 2:20-cv-01524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

RESPECTFULLY SUBMITTED this 7th day of June, 2023.

| | |
|---|---|
| s/ Matt Adams<br>Matt Adams<br>matt@nwirp.org | s/ Damon Clay Elder<br>Damon Clay Elder, WSBA No. 46754<br>MORGAN, LEWIS & BOCKIUS LLP<br>1301 Second Ave., Suite 2800 |
| s/ Glenda M. Aldana Madrid<br>Glenda M. Aldana Madrid<br>glenda@nwirp.org | Seattle, WA 98101-3807<br>Tel: (206) 274-0180<br>damon.elder@morganlewis.com |
| s/ Leila Kang<br>Leila Kang<br>leila@nwirp.org | s/ Elizabeth M. Chiaviello*<br>MORGAN, LEWIS & BOCKIUS LLP<br>1000 Louisiana Street, Suite 4000<br>Houston, Texas 77002 |
| s/ Aaron Korthuis<br>Aaron Korthuis<br>aaron@nwirp.org | Tel: +1.713.890.5000<br>Fax: +1.713.890.5001<br>elizabeth.chiaviello@morganlewis.com |
| NORTHWEST IMMIGRANT RIGHTS PROJECT<br>615 Second Avenue, Suite 400<br>Seattle, Washington 98104<br>Tel: +1.206.957.8611<br>Fax: +1.206.587.4025 | * Admitted pro hac vice |

NICHOLAS W. BROWN
United States Attorney

*s/ Nickolas Bohl*
NICKOLAS BOHL, WSBA # 48978

*s/ Kristen R. Vogel*
KRISTEN R. VOGEL, NYBA # 5195664
Assistant United States Attorneys
Western District of Washington
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Email: nickolas.bohl@usdoj.gov

JOINT STATUS REPORT - 8
Case No. 2:20-cv-01524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

DATED this 7th day of June, 2023.

s/ Leila Kang

JOINT STATUS REPORT - 9
Case No. 2:20-cv-01524-RAJ

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611