The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| E.L.A. and O.L.C.,<br><br>                              Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | Case No. 2:20-cv-01524-RAJ<br><br>UNITED STATES' ANSWER TO COMPLAINT |

Defendant United States of America by and through its attorneys, Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Kristen R. Vogel and Nickolas Bohl, Assistant United States Attorneys for said District, hereby answers Plaintiffs' Complaint ("Complaint") as follows in paragraphs that correspond to the numbering in the Complaint.

**<u>GENERAL ANSWER:</u>**

1.    Defendant denies any and all allegations in the Complaint not specifically admitted herein.

2.    To the extent the headings in Plaintiffs' Complaint are allegations, Defendant denies the allegations.

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

3.      Plaintiffs quote various documents throughout the Complaint, including United States District Court cases, Congressional statutes, reports and testimony, media articles, and investigatory reports. Defendant responds to these citations as follows:

> a.  In the specific answers that follow, to the extent a paragraph in the Complaint cites or otherwise references one of these documentary sources solely as support for a factual allegation, Defendant answers the factual allegation in accordance with Federal Rule of Civil Procedure 8 by either admitting, denying, or pleading lack of sufficient information with respect to that factual allegation. The citation of the source underlying the factual allegation is in and of itself not a factual allegation requiring a response.

> b.  To the extent a paragraph in the Complaint contains a factual allegation, purports to provide a quotation from a documentary source in whole or in part in a manner requiring a response as to its truthfulness or accuracy, or specifically describes a finding or conclusion of a report, policy, or other cited source, Defendant answers those allegations in accordance with Fed. R. Civ. P. 8.

3.      Insofar as the Complaint contains allegations regarding the subjective mindset, knowledge, or motivation of various Executive Branch officials and employees, those allegations are denied throughout the Answer.

4.      Insofar as allegations relate to or reference the identities, ages, relationships, and nationalities of Plaintiffs, those allegations are denied throughout the Answer on the ground that Defendant lacks information sufficient to form a belief as to the allegations because Plaintiffs are proceeding pseudonymously. Therefore, any specific admissions or denials, in full or in part, of such allegations are qualified by the provision that Defendant is answering based on its belief, but lack of certainty, as to the identities of Plaintiffs.

## SPECIFIC ANSWERS BY PARAGRAPH

## INTRODUCTION

1.      Defendant admits that, for a limited time in 2018, the United States Department of Justice implemented a Zero-Tolerance Policy and the United States Department of Homeland Security implemented a corresponding Referral Policy, and that during the period those policies

UNITED STATES' ANSWER TO COMPLAINT
2:20-cv-01524-RAJ - 2

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

were in place, some families were separated at the United States-Mexico border.  President Biden has denounced the prior practice of separating children from their families at the United States-Mexico border, condemned the human tragedy that occurred, and established a task force to continue efforts to reunify families who had been separated.  Defendant denies the remaining allegations.

2.    The cited material speaks for itself.  The remaining allegations are denied.

3.    The first sentence of this paragraph represents Plaintiffs' characterization of the case, to which no response is required.  Defendant admits that it separated the persons believed to be Plaintiffs after they entered the United States in June 2018, and that it detained Plaintiff E.L.A in Texas while transferring O.L.C. to Lincoln Hall Boys' Haven ("Lincoln Hall"), a state-licensed, U.S. Department of Health and Human Services' Office of Refugee Resettlement ("ORR")-funded care provider, in Lincolndale, New York, on June 20, 2018.  Defendant lacks information sufficient to form a belief as to the truth of the allegations in the last sentence of this paragraph and therefore denies the allegations.   The remaining allegations are denied.

4.    Defendant admits that plaintiff E.L.A. was removed to Guatemala on July 20, 2018. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations.

5.    Defendant admits that O.L.C. was in the custody of ORR from June 20, 2018 to March 10, 2019 and placed at Lincoln Hall.  Defendant admits that while O.L.C. was housed at Lincoln Hall, it made significant incident reports ("SIRs") to ORR, including that a female staff member showed O.L.C. sexual material on her cell phone and O.L.C. was seen at the health center for an accidental injury to his groin, and that O.L.C. had a picture of a female staff member in her undergarments in his possession.   Plaintiffs' assertion that Lincoln Hall employees were Defendant's agents is a conclusion of law to which no response is required.  To the extent a

UNITED STATES' ANSWER TO COMPLAINT
2:20-cv-01524-RAJ - 3

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1  response is required, Defendant denies.  Defendant otherwise lacks information sufficient to form

2  a belief about the remaining allegations in this paragraph of the Complaint and therefore denies

3  the allegations.

4      6.      Defendant admits that O.L.C. was reunified with E.L.A. on March 10, 2019.  To

5  the extent this paragraph references the alleged involvement of the district court in *Ms. L v. ICE*

6  (S.D. Cal.), any court orders in *Ms. L* speak for themselves.

7      7.      The allegations in this paragraph are not statements of fact but rather legal

8  conclusions and characterization of Plaintiffs' cause of action to which no response is required.

9  To the extent a response is deemed required, Defendant lacks information sufficient to form a

10  belief as to the truth of Plaintiffs' allegations about physical and emotional harm and therefore

11  denies these allegations and the remaining allegations.

12      8.      This assertion is not a statement of fact but a conclusion of law to which no response

13  is required.  To the extent that a response is required, the assertion is denied.

14      9.      Defendant admits that Plaintiffs seek compensation from the United States through

15  this lawsuit but denies that Plaintiffs are so entitled.  Plaintiffs' assertion of extraordinary harm is

16  a conclusion of law to which no response is required.  To the extent that a response is required,

17  Defendant lacks information sufficient to form a belief as to the truth of Plaintiffs' allegation about

18  extraordinary harm and therefore denies the allegation.

19                    **JURISDICTION & VENUE**

20      10.     Defendant admits Plaintiffs invoke the Court's jurisdiction under the provisions of

21  the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), but Defendant asserts that whether

22  jurisdiction exists is a conclusion of law reserved for this Court for determination and to which no

23  response is required.  To the extent a response is deemed required, Defendant denies the allegations

24  in Paragraph 10 of the Complaint.

UNITED STATES' ANSWER TO COMPLAINT
2:20-cv-01524-RAJ - 4

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

11.     Defendant admits that the Plaintiffs bring their suit under the FTCA and that it received administrative claims from individuals believed to be the Plaintiffs in this matter on or about October 16, 2019.

12.     Defendant admits that the relevant federal agencies did not respond to Plaintiffs' administrative claims.

13.     The allegations regarding exhaustion of administrative remedies are not statements of fact but conclusions of law to which no response is required.

14.     Defendant lacks information sufficient to form a belief about the current residence of Plaintiffs. The remaining allegations are not statements of fact but conclusions of law to which no response is required. To the extent an answer is required, Defendant denies these allegations.

## PARTIES

15.     Defendant admits that the person believed to be Plaintiff E.L.A. is a citizen of Guatemala.  Defendant admits that the person believed to be Plaintiff E.L.A. is listed as the father on the person believed to be Plaintiff O.L.C.'s birth certificate.   Defendant otherwise lacks information sufficient to form a belief about the remaining allegations in this paragraph of the Complaint and therefore denies the allegations.

16.     Defendant admits that the person believed to be O.L.C. is a citizen of Guatemala. Defendant admits that the person believed to be Plaintiff E.L.A. is listed as the father on the person believed to be Plaintiff O.L.C.'s birth certificate.  Defendant admits that O.L.C. was represented to be 17 years old at the time he was separated from E.L.A.  Defendant otherwise lacks information sufficient to form a belief about the remaining allegations in this paragraph of the Complaint and therefore denies the allegations.

17.     Defendant admits the person believed to be Plaintiff E.L.A. filed an application for asylum on May 17, 2019, and listed the person believed to be Plaintiff O.L.C. as a dependent.

UNITED STATES' ANSWER TO COMPLAINT
2:20-cv-01524-RAJ - 5

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

Defendant otherwise lacks information sufficient to form a belief about the remaining allegations in this paragraph of the Complaint and therefore denies the allegations.

18.     Defendant denies that it has waived its sovereign immunity as to the claims under the FTCA.  As to the allegation that the United States of America is properly named as a defendant to each Plaintiff's claims are not statements of fact but conclusions of law to which no response is required.  To the extent that an answer is required, Defendant admits this allegation.

## FACTUAL ALLEGATIONS

**A.  Defendant's Employees Forcibly Separated Plaintiffs When They Sought Asylum in the United States.**

19.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies them.

20.     Defendant admits that Plaintiffs entered the United States on or about June 18, 2018, between ports of entry near Roma, Texas.  Defendant further admits that Plaintiffs were taken into custody by U.S. Border Patrol agents and transported to the McAllen Border Patrol Station.  Defendant lacks information sufficient to form a belief as the truth of the remaining allegations and on that basis denies them.

21.     Defendant denies that the persons believed to be Plaintiffs were held in a "hielera" or "icebox" as described in the Complaint.  Defendant lacks information sufficient to form a belief as to the truth of any remaining parts of this allegation and on that basis denies them.

22.     Defendant lacks information sufficient to form a belief as to the truth of these allegations and on that basis denies them.

23.     Defendant admits that E.L.A. was held in ICE custody from June 24, 2018, through July 20, 2018, and that it reunited Plaintiffs in March 2019.

24.     Defendant lacks information sufficient to form a belief as to the truth of these

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1  allegations and on that basis denies them.

2      **B. Defendant's Employees Subjected E.L.A. to Inhuman Detention Conditions.**

3      25.    Defendant denies that the person believed to be the Plaintiff was held in a "hielera"

4  as described in the complaint.  Defendant admits that the person believed to be E.L.A. was held

5  for approximately six days by CBP.  The remaining allegations are denied on grounds that

6  defendant lacks sufficient knowledge or information to form a belief as to their truth.

7      26.    Defendant denies that the person believed to be the Plaintiff was held in a "hielera"

8  or "icebox" as described in the Complaint.  The remaining allegations are denied on grounds that

9  defendant lacks sufficient knowledge or information to form a belief as to their truth.

10     27.    Defendant denies that the person believed to be the Plaintiff was held in a "hielera"

11 as described in the Complaint. Defendant otherwise lacks information sufficient to form a belief

12 as to the remaining allegations and therefore denies them.

13     28.    Defendant denies that the person believed to be the Plaintiff was held in a "hielera"

14 as described in the Complaint. Defendant otherwise lacks information sufficient to form a belief

15 as to the remaining allegations and therefore denies them.

16     29.    Defendant lacks information sufficient to form a belief as to the allegations and

17 therefore denies them.

18     30.    Defendant lacks information sufficient to form a belief as to the allegations and

19 therefore denies them.

20     31.    Defendant denies that the person believed to be the Plaintiff was held in a "hielera"

21 as described in the Complaint.  Defendant admits that on or about July 20, 2018, E.L.A. was

22 convicted of illegal entry under 8 U.S.C. § 1325(a).  Defendant lacks sufficient knowledge or

23 information to form a belief as to the truth of the remaining allegations and on that basis denies

24 them.

UNITED STATES' ANSWER TO COMPLAINT
2:20-cv-01524-RAJ - 7

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

### C. Defendant's Employees Improperly Used a Federal Prosecution to Justify E.L.A.'s Separation from O.L.C.

32.     Defendant admits that on April 6, 2018, then-Attorney General Sessions issued a "Memorandum for Federal Prosecutors Along the Southwest Border" that publicly directed federal prosecutors along the United States–Mexico border "to the extent practicable, and in consultation with DHS, to adopt immediately a zero-tolerance policy for all offenses referred for prosecution under section 1325(a)," which includes illegal-entry misdemeanors.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis denies them.

33.     Defendant admits that on April 6, 2018, then-Attorney General Sessions issued a "Memorandum for Federal Prosecutors Along the Southwest Border."  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis denies them.

34.     Defendant denies that the Zero Tolerance Policy served as a pretext or cover for widespread separation of Central American parents and children.  Plaintiffs' characterization of referenced testimony are not statements of fact to which a response is required. To the extent a response is deemed required, Defendant responds that the testimony stands for itself and should be read in full context.

35.     Defendant admits that after the Zero Tolerance policy was announced, government officials prosecuted many, but not all, individuals who crossed the border illegally, including individuals who did not present in a family unit, and that some would receive a sentence of time served amounting to a few days, while others received longer sentences.  Defendant further admits that during the period that the policy was in place, some families were separated at the United States-Mexico border.  Defendant lacks sufficient knowledge or information to form a belief as to

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1    the truth of the remaining allegations and on that basis denies them.

2        36.    Defendant lacks sufficient knowledge or information to form a belief as to the truth

3    of these allegations and on that basis denies them.

4        37.    Defendant admits that E.L.A. was sentenced to time served and a $10 fine and that

5    he never entered BOP custody.

6        38.    Defendant admits that E.L.A.'s guilty plea and sentencing hearing on the illegal

7    entry charge took a few hours and that he never entered BOP custody.  Defendant admits O.L.C.

8    was designated an unaccompanied child as a result of E.L.A.'s referral for criminal prosecution.

9        39.    Defendant admits O.L.C. was designated an unaccompanied minor therefore

10   requiring his transfer to ORR custody under the TVPRA. Defendant admits that Plaintiffs entered

11   the United States without permission.  Defendant admits E.L.A. was in CBP custody from June

12   18, 2018 through June 24, 2018, with the exception of a few hours on June 20, 2018, when he

13   appeared in federal court.  Defendant admits that E.L.A. was held in ICE custody from June 24,

14   2018 through July 20, 2018.  Defendant admits O.L.C. was in CBP custody from June 18, 2018

15   through June 20, 2018.  Defendant denies the remaining allegations.

16       40.    Defendant denies that there was no reason to transfer O.L.C. to Lincoln Hall, as the

17   TVPRA required that he be transferred to ORR custody after his designation as an unaccompanied

18   minor. Defendant lacks sufficient information to form a belief as to the truth of the allegations,

19   and on that basis denies them.

20       **D.  Defendant's Employees Denied E.L.A. the Right to Seek Asylum and Deported
         Him in Violation of the INA and a Federal Court Order.**

21       41.    Defendant denies that the person believed to be the Plaintiff was held in a "hielera"

22   as described in the Complaint.  Defendant admits that E.L.A. was held in ICE custody at Port

23   Isabel Service Processing Center in Texas.  Defendant lacks sufficient information to form a belief

24

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

as to the truth of the remaining allegations, and on that basis denies them.

42.     Defendant admits that E.L.A. spoke with O.L.C. by phone twice while E.L.A. was held in ICE custody at Port Isabel Service Processing Center. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

43.     Plaintiffs' allegations characterizing the *Ms. L.* decision are not statements of fact for which a response is required. To the extent a response is required, Defendant avers that *Ms. L* decision speaks for itself and denies any allegations characterizing the decision.  Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

44.     Plaintiffs' allegations characterizing the *Ms. L.* decision are not statements of fact for which a response is required. To the extent a response is required, Defendant avers that *Ms. L* decision speaks for itself and denies any allegations characterizing the decision.  Defendant lacks information sufficient to form a belief as to the remaining allegations in this paragraph of the Complaint and therefore denies them.

45.     Defendant admits that the person believed to be Plaintiff E.L.A. presented himself at the Calexico West Port of Entry in Calexico, California on March 2, 2019.  Plaintiffs' allegations characterizing the *Ms. L.* decision are not statements of fact for which a response is required. To the extent a response is required, Defendant avers that *Ms. L* decision speaks for itself and denies any allegations characterizing the decision.

46.     Defendant admits that O.L.C. was in the custody of ORR from June 20, 2018 until he was reunified with E.L.A. on March 10, 2019, in Seattle, Washington.

47.     Defendant admits that E.L.A. filed an application for asylum on May 17, 2019, and that O.L.C. was listed as a dependent.

UNITED STATES' ANSWER TO COMPLAINT
2:20-cv-01524-RAJ - 10

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

**E.  O.L.C. Was Abused While in Detention.**

48.     Defendant denies that the person believed to be O.L.C. was held in a "hielera" as described in the Complaint. Defendant admits that the person believed to be O.L.C. was transferred to a facility in Texas. Defendant lacks information sufficient to form a belief as to the remaining allegations in this paragraph of the Complaint and therefore denies them.

49.     Defendant lacks information sufficient to form a belief as to the allegations in this paragraph of the Complaint and therefore denies them.

50.     Defendant admits that O.L.C was transferred to ORR custody and admitted to Lincoln Hall on June 20, 2018.  Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

51.     Defendant admits that ORR maintains a cooperative agreement with Lincoln Hall Boys' Haven for residential care and services for UACs. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

52.     Paragraph 52 contains quotations from 6 U.S.C. § 279 and 8 U.S.C. § 1232, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the relevant statutes for an accurate representation of their contents.  The remaining allegations in this paragraph are not statements of fact but rather legal conclusions and characterization of Plaintiffs' case to which no response is required.  To the extent a response is deemed required, Defendant denies these allegations.

53.     Paragraph 53 contains a citation to 45 C.F.R. §§ 411.71-411.72, to which no response is required.  To the extent a response is required, Defendant states that ORR prohibits all forms of sexual abuse, sexual harassment, and inappropriate sexual behavior at all care provider facilities, and will make every effort to prevent, detect, and respond to such conduct.

54.     The allegations in this paragraph are not statements of fact but rather legal

UNITED STATES' ANSWER TO COMPLAINT
2:20-cv-01524-RAJ - 11

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1  conclusions and characterization of Plaintiffs' case to which no response is required. To the extent

2  a response is deemed required, Defendant denies these allegations.

3        55.    Defendant admits that O.L.C.'s UAC case file reflects that O.L.C. was generally

4  provided phone calls on Fridays and he spoke with his father, E.L.A., on June 26, 2018 at 11:00

5  a.m., on July 10, 2018, at 12:00 p.m., on July 12, 2018 at 10:21 a.m., on September 14, 2018, on

6  October 26, 2018, October 29, 2018 at 10:15 a.m., on December 14, 2018, and on January 11,

7  2019. Defendant lacks sufficient information to form a belief as to the truth of the remaining

8  allegations, and on that basis denies them.

9        56.    Defendant admits that O.L.C.'s UAC case file reflects that O.L.C. was scheduled

10  to be released on July 17, 2018, that the release was canceled due to lack of transportation to the

11  airport and rescheduled for July 18, 2018, before being suspended until further notice. Defendant

12  admits that E.L.A. was removed to Guatemala on July 20, 2018. Plaintiffs' assertion that E.L.A.'s

13  removal was unlawful is a conclusion of law to which no response is required. To the extent that

14  a response is required, Defendant denies. Defendant lacks sufficient information to form a belief

15  as to the truth of the remaining allegations, and on that basis denies them.

16        57.    Defendant admits that on July 13, 2018 at 5:19 p.m. Lincoln Hall made an SIR

17  report to ORR that the Cottage Supervisor reported that a staff member showed O.L.C. sexual

18  material on her cell phone and O.L.C. was seen at the health center for an accidental injury to his

19  groin. The remaining allegations contained in this paragraph are denied.

20        58.    Defendant admits that while O.L.C. was housed at Lincoln Hall, it made the

21  following eight SIRs to ORR: on June 21, 2018, at 10:05 a.m., Lincoln Hall reported that on June

22  18, 2018, O.L.C. was traveling with his father, E.L.A., and they were separated when they were

23  apprehended; on June 21, 2018, at 10:30 a.m. Lincoln Hall reported that O.L.C. reported that he

24  had consensual sex with his 16-year-old girlfriend; on June 22, 2018, at 3:14 p.m., Lincoln Hall

UNITED STATES' ANSWER TO COMPLAINT
2:20-cv-01524-RAJ - 12

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

reported that O.L.C. has superficial markings of his initials on his left arm that a friend of his made in 2015; on July 13, 2018 at 5:19 p.m. Lincoln Hall reported that the Cottage Supervisor reported that a female staff member showed O.L.C. sexual material on her cell phone and O.L.C. was seen at the health center for an accidental injury to his groin;  on October 30, 2018, 2:37 p.m., Lincoln Hall reported that the Cottage Supervisor caught O.L.C. and his peers smoking cigarettes in the bathroom; on January 4, 2019, at 3:47 p.m., Lincoln Hall reported that O.L.C. threatened to punch one of his peers; on February 6, 2019 at 12:36 p.m., Lincoln Hall reported that O.L.C. threatened to run away if he was not released that month; and on February 25, 2019, at 8:26 p.m., Lincoln Hall reported that Cottage staff reported O.L.C. having a picture of a female staff member in her undergarments in his possession.  Defendant denies the remaining allegations contained in this paragraph.

   1. **Abusive and sexualized environment: first sexual abuse Serious Incident Report.**

59.     Defendant admits that while housed at Lincoln Hall, the care provider made two "Sexual Abuse or Sexual Harassment" SIRs to ORR on July 13, 2018, at 5:19 p.m., in which Lincoln Hall reported that the Cottage Supervisor reported that a female staff member showed O.L.C. sexual material on her cell phone and O.L.C. was seen at the health center for an accidental injury to his groin; and on February 25, 2019, at 8:26 p.m., in which Lincoln Hall reported that Cottage staff reported O.L.C. having a picture of a female staff member in an undergarment in his possession.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis denies them.

60.     Defendant denies the allegations.

61.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies them.

UNITED STATES' ANSWER TO COMPLAINT
2:20-cv-01524-RAJ - 13

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

62.     Defendant admits that while housed at Lincoln Hall, the care provider made a "Sexual Abuse or Sexual Harassment" SIR to ORR on July 13, 2018, at 5:19 p.m., in which Lincoln Hall reported that the Cottage Supervisor reported that a female staff member showed O.L.C. sexual material on her cell phone.  Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

63.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies them.

64.     Defendant admits that while housed at Lincoln Hall, the care provider made a "Sexual Abuse or Sexual Harassment" SIR to ORR on July 13, 2018, at 5:19 p.m., in which Lincoln Hall reported that the Cottage Supervisor reported that a female staff member showed O.L.C. sexual material on her cell phone and O.L.C. was seen at the health center for an accidental injury to his groin.  It was noted that the staff member had been sent home, the State of New York's Justice Center was notified, and it was deemed that it was not necessary at the time to notify law enforcement. In a subsequent addendum to the SIR, dated July 20, 2018, Lincoln Hall reported that the assigned clinician met with O.L.C., who denied ever using any staff member's phone to play video games or see videos.  O.L.C. reported staff members in the cottage do not allow them to use their personal phones. On November 2, 2020, Lincoln Hall reported in a subsequent addendum that the incident, referred to as incident #101-313-954-98101, was reported to the State of New York's Justice Center in July 2018; and the Justice Center did not investigate the incident and referred the case to the State Licensing. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

**2. O.L.C. was medicated without parental consent and placed in isolation.**

65.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies them.

66.     Defendant admits that while housed at Lincoln Hall, the care provider made an SIR to ORR on February 6, 2019 at 12:36 p.m., reporting that O.L.C. threatened to run away if he was not released that month. It was noted that the clinician explored the threat with O.L.C. who reported that he was bored and could not wait anymore.  In response to O.L.C.'s threat to run away, it was noted that the minor was put on close supervision. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations as to what O.L.C. told his counselor, and on that basis denies them.

67.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies them.

68.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies them.

69.     Defendant admits that O.L.C.'s UAC case file reflects that following his threat to run away, O.L.C. was put under close supervision and was placed in one-to-one observation. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis denies them.

70.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies them.

71.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies them.

**3.  Lincoln Hall staff subjected O.L.C. to physical harm and insults.**

72.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies them.

73.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies them.

UNITED STATES' ANSWER TO COMPLAINT
2:20-cv-01524-RAJ - 15

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

### 4. Abusive and sexualized environment: second sexual abuse Serious Incident Report.

74.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies them.

75.     Defendant admits that on February 25, 2019, at 8:26 p.m., Lincoln Hall made an SIR to ORR, reporting that Cottage staff reported O.L.C. having a picture of a female staff member in an undergarment in his possession.  Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

### F. Defendant's Conduct Harmed Plaintiffs.

76.     The allegations in this paragraph are not statements of fact but rather legal conclusions and characterization of Plaintiffs' case to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information to form a belief as to the truth of the allegations about physical and emotional harm, and on that basis denies them.

77.     Defendant denies that E.L.A. lost eight pounds while detained. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

78.     Defendant lacks sufficient information to form a belief as to the truth of the allegation that O.L.C. suffers from anxiety and depression.  The remaining allegations in this paragraph are not statements of fact but rather legal conclusions and characterization of Plaintiffs' case to which no response is required.  To the extent a response is deemed required, Defendant denies these allegations.

79.     Defendant admits that while housed at Lincoln Hall, the care provider made two "Sexual Abuse or Sexual Harassment" SIRs to ORR on July 13, 2018, at 5:19 p.m., in which Lincoln Hall reported that the Cottage Supervisor reported that a female staff member showed

UNITED STATES' ANSWER TO COMPLAINT
2:20-cv-01524-RAJ - 16

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

O.L.C. sexual material on her cell phone and O.L.C. was seen at the health center for an accidental injury to his groin; and on February 25, 2019, at 8:26 p.m., in which Lincoln Hall reported that Cottage staff reported O.L.C. having a picture of a female staff member in an undergarment in his possession.  Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

80.     The first sentence is not a statement of fact but a conclusion of law to which no response is required.  To the extent that a response is required, the sentence is denied.  The remaining allegations are also denied.

81.     The allegations in this paragraph are not statements of fact but rather legal conclusions and characterization of Plaintiffs' case to which no response is required.  To the extent a response is deemed required, Defendant lacks sufficient information to form a belief as to the truth of the allegations about trauma, and on that basis denies them.  Defendant denies the remaining allegations.

82.     The allegations in this paragraph are not statements of fact but rather legal conclusions and characterization of Plaintiffs' case to which no response is required.  To the extent a response is deemed required, Defendant denies these allegations.

## FIRST CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

83.     This paragraph merely incorporates allegations answered above.  Defendant restates and realleges all preceding paragraphs as if fully set forth herein.

84.     The allegations in this paragraph are not statements of fact but rather legal conclusions and characterization of Plaintiffs' case to which no response is required.  To the extent a response is deemed required, Defendant denies these allegations.

85.     The allegations in this paragraph are not statements of fact but rather legal

UNITED STATES' ANSWER TO COMPLAINT
2:20-cv-01524-RAJ - 17

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

conclusions and characterization of Plaintiffs' case to which no response is required.  To the extent a response is deemed required, Defendant denies these allegations.

86.     The allegations in this paragraph are not statements of fact but rather legal conclusions and characterization of Plaintiffs' case to which no response is required. To the extent a response is deemed required, Defendant denies these allegations.

87.     The allegations in this paragraph are not statements of fact but rather legal conclusions and characterization of Plaintiffs' case to which no response is required.  To the extent a response is deemed required, Defendant denies these allegations.

## SECOND CLAIM FOR RELIEF
### Abuse of Process

88.     These allegations were dismissed on the June 3, 2022, Order. As such, no response is necessary.

89.     These allegations were dismissed on the June 3, 2022, Order. As such, no response is necessary.

90.     These allegations were dismissed on the June 3, 2022, Order. As such, no response is necessary.

91.     These allegations were dismissed on the June 3, 2022, Order. As such, no response is necessary.

92.     These allegations were dismissed on the June 3, 2022, Order. As such, no response is necessary.

## THIRD CLAIM FOR RELIEF
### Negligence – Family Separation

93.     These allegations were dismissed on the June 3, 2022, Order. As such, no response is necessary.

94.     These allegations were dismissed on the June 3, 2022, Order. As such, no response

UNITED STATES' ANSWER TO COMPLAINT
2:20-cv-01524-RAJ - 18

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1    is necessary.

2        95.    These allegations were dismissed on the June 3, 2022, Order. As such, no response

3    is necessary.

4        96.    These allegations were dismissed on the June 3, 2022, Order. As such, no response

5    is necessary.

6        97.    These allegations were dismissed on the June 3, 2022, Order. As such, no response

7    is necessary.

8                          **FOURTH CLAIM FOR RELIEF**
                    **Negligence – O.L.C.'s Time in ORR Custody**

9        98.    This paragraph merely incorporates allegations answered above.   Defendant

10   restates and realleges all preceding paragraphs as if fully set forth herein.

11       99.    The allegations in this paragraph are not statements of fact but rather legal

12   conclusions and characterization of Plaintiffs' case to which no response is required.  To the extent

13   a response is deemed required, Defendant denies these allegations.

14       100.   The allegations in this paragraph are not statements of fact but rather legal

15   conclusions and characterization of Plaintiffs' case to which no response is required.  To the extent

16   a response is deemed required, Defendant denies these allegations.

17       101.   The allegations in this paragraph are not statements of fact but rather legal

18   conclusions and characterization of Plaintiffs' case to which no response is required.  To the extent

19   a response is deemed required, Defendant denies these allegations.

20       102.   The allegations in this paragraph are not statements of fact but rather legal

21   conclusions and characterization of Plaintiffs' case to which no response is required.  To the extent

22   a response is deemed required, Defendant denies these allegations.

23

24

UNITED STATES' ANSWER TO COMPLAINT
2:20-cv-01524-RAJ - 19

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1   The remainder of Plaintiffs' Complaint contains a prayer for relief to which no response is

2   required. To the extent a response is required, Defendant denies the Plaintiffs' Prayer.

3   Furthermore, the United States denies all allegations not specifically admitted above.

4   **AFFIRMATIVE AND OTHER DEFENSES**

5   1.      The Court lacks subject matter jurisdiction over Plaintiffs' claims.

6   2.      Plaintiffs' claims are barred to the extent that they are based on the exercise or

7   performance or the failure to exercise or perform a discretionary function or duty. 28 U.S.C. §

8   2680(a).

9   3.      Plaintiffs' claims are barred to the extent that they are based on the execution of

10   federal statutes or regulations. 28 U.S.C. § 2680(a).

11   4.      Plaintiffs have failed to state a claim on which relief may be granted in whole or in

12   part.

13   5.      Defendant, through employees, did not owe a legal duty to Plaintiffs.

14   6.      Defendant, through employees, did not breach a legal duty owed to Plaintiffs.

15   7.      Defendant has waived its sovereign immunity only for the actions of "employees

16   of the government" as defined in 28 U.S.C. § 2671.

17   8.      Acts or omissions of Defendant, through employees, were not the proximate cause

18   of injury to Plaintiffs.

19   9.      In the event Defendant is found to have been negligent or otherwise wrongful,

20   which negligence or wrongful conduct is denied, the superseding and intervening negligence or

21   wrongful conduct of third parties, for whom Defendant cannot be held liable, broke any causal

22   connection between the Defendant's negligence or wrongful conduct and Plaintiffs' alleged

23   injuries, cutting off the legal effect of Defendant's negligence or wrongful conduct.

24

UNITED STATES' ANSWER TO COMPLAINT
2:20-cv-01524-RAJ - 20

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1       10.    Plaintiffs' recovery of damages, if any, is limited by federal and applicable state

2 law.

3       11.    Plaintiffs' recovery against Defendant, if any, is limited to the amount stated in

4 timely and properly presented administrative claims. 28 U.S.C. § 2675(b). To the extent Plaintiffs

5 have not timely or properly presented administrative tort claims, or seek relief different from, or

6 in excess of, that set forth in a timely and properly filed administrative tort claim, Plaintiffs have

7 not exhausted their administrative remedies.

8       12.    Plaintiffs may not recover punitive damages, non-monetary damages, or pre-

9 judgment interest under the Federal Tort Claims Act. 28 U.S.C. § 2674.

10       13.    To the extent the Court enters a money judgment against Defendant, Plaintiffs are

11 entitled to post-judgment interest only in accordance with the provisions of 28 U.S.C. § 1961(b)

12 and 31 U.S.C. § 1304(b).

13       14.    Plaintiffs' claims are barred by any exception to or limitation on Defendant's

14 waiver of sovereign immunity.

15       15.    Under the Federal Tort Claims Act, Defendant only may be held liable in the same

16 manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674.

17       16.    To the extent that there are persons who were comparatively at fault, whether or

18 not they are currently parties to this lawsuit, principles of comparative fault apply and liability, if

19 any, must be apportioned or any judgment reduced as set forth under applicable state law.

20       17.    Plaintiffs' claims are barred or diminished by Plaintiffs' failure to mitigate

21 damages.

22       18.    Plaintiffs' claims are barred to the extent they are based on misrepresentations. 28

23 U.S.C. § 2680(h).

24

UNITED STATES' ANSWER TO COMPLAINT
2:20-cv-01524-RAJ - 21

19.     Defendant denies that a class action may be properly certified under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., in this case.

20.     Defendant asserts that it has, or may have, additional defenses that are not known to Defendant at this time but may be ascertained through discovery in this action. Defendant specifically preserves these defenses and reserves the right to amend its Answer with additional affirmative or other defenses that may be available, including any defenses under Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, the United States respectfully requests that the Court dismiss all claims in Plaintiffs' Complaint with prejudice and grant it such other relief as may be just and appropriate.

DATED this 30th day of June, 2023.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

*s/ Kristen R. Vogel*
KRISTEN R. VOGEL, NY No. 5195664

*s/ Nickolas Bohl*
NICKOLAS BOHL, WSBA No. 48978
Assistant United States Attorneys
Western District of Washington
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone:  206-553-7970
Fax:  206-553-4067
Email:  kristen.vogel@usdoj.gov
Email:  nickolas.bohl@usdoj.gov

*Attorneys for United States of America*

UNITED STATES' ANSWER TO COMPLAINT
2:20-cv-01524-RAJ - 22

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970